IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tim Landholt, | ) | Civil Action No. 3:22-cv-02599-SAL-PJG |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jeanette McBride in her official capacity as Clerk of Court for Richland County and Kendall Corley, | ) ) ) ) | AMENDED COMPLAINT Jury Trial Requested |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, complaining of the defendants above-named would respectfully show unto this Honorable Court:

**PARTIES, JURISDICTION AND VENUE**

1. The plaintiff, Tim Landholt ("Plaintiff"), is a resident of the County of Richland, State of South Carolina.

2. The defendant, Jeanette McBride in her official capacity as Clerk of Court for Richland County ("Richland County"), is a South Carolina governmental/political entity that performs its services in Richland County, South Carolina and is subject to suit for its tortious acts and the tortious acts of its employees and agents performed in the scope of employment pursuant to the South Carolina Tort Claims Act ("SCTCA"). Said defendant is made a party to this action pursuant to South Carolina Code Ann. Section 15-78-10 *et seq.*, of the SCTCA. During the time period in question this defendant was executing its duties by and through its employees to include Kendall Corley ("Corley" collectively referred to with Richland County as "Defendants") as clerk(s) of the Richland County Family Court.

3. Upon information and belief, Corley was a resident of Richland County, South Carolina and an agent/employee of Richland County. At all times mentioned in this complaint Corley was an agent and/or employee of Richland County tasked with the non-discretionary and ministerial duty(s) of withdrawing or, otherwise, cancelling invalid bench warrants as against Plaintiff on behalf of Richland County Family Court during the times hereinafter mentioned. At all relevant

1

times thereafter, Corley was acting in his official capacity(s) as an employee(s), and/or agent for Richland County. For the purposes of the claims asserted under 42 U.S.C. Section 1983 Corley is being sued in his individual capacity(s) under the color of South Carolina State Law.

4. Defendants had the duty to refrain from conduct that would violate the Plaintiff's Constitutional rights. Additionally, during the time period in question, the Plaintiff's Constitutional rights were well established and well known to Defendants. These would include and not be limited to the Plaintiff's Due Process, liberty interest and the right to be free from bodily harm and/or seizure. Defendants were deliberately and consciously indifferent to the Plaintiff's liberty interest which guarantees their right to the possession and control of his or her own person and the right to be free from all unlawful restraint or interference of others.

5. The Court has jurisdiction over the subject matter of this action pursuant to Plaintiff's claims made against Corley pursuant to 42 U.S.C. Section 1983 and upon removal of Corley with consent of the previously named Richland County, South Carolina pursuant to 28 U.S.C. 1331.

6. Venue is proper pursuant as all tortious acts, violations of Plaintiff(s)' constitutional rights and injuries occurred in the County of Richland, State of South Carolina located in the Columbia Division.

## FACTUAL BACKGROUND

7. The above stated allegations are hereby incorporated as if stated herein.

8. In the year of 2011, Plaintiff was subjected to the jurisdiction of the Richland County, South Carolina Family Court ("Court") upon request for child support payments and ordered to make child support payments subject to the Court's supervision; docket number 2011DR4004394.

9. On or about March 13, 2014, Judge D. Jones issued a bench warrant ("Warrant") for the arrest and delivery of Plaintiff before the Court for failure to pay child support as ordered.

10. On or about March 28, 2014, Plaintiff voluntarily appeared before Judge Morris and was seized upon Warrant, detained in the Court's detention area and delivered before the Court to address the outstanding child support payments ("Hearing").

11. At Hearing, the Court determined that Plaintiff was in contempt for failure to pay child support payments, ordered he make amended scheduled payments and was released from the Court's detention contemporaneously.

12. On or about March 28, 2014, and upon the delivery of the Plaintiff to the Court in accordance with the Warrant, Defendants should have been canceled and/or, otherwise, terminated or withdrawn the Warrant from the Richland County Sheriff's Department.

13. On or about June 25, 2014, Defendants transmitted ("Transmission") the Warrant to the Richland County Sheriff's Department for arrest of Plaintiff(s).

14. Between the date of the transmission and subsequent consent order amending the terms of Plaintiff child support payments on November 3, 2016 ("Amendment"), Plaintiff was able to catch up any and all delinquency on his child support payments.

15. On or about August 23, 2019, Investigator Mazzerolle served, for a second time, the Warrant on Plaintiff resulting in his unlawful seizure and incarceration ("Incarceration") for approximately three (3) days.

16. Plaintiff was discharged from Incarceration by order of discharge by the Richland County Deputy Clerk of Court on or about August 26, 2019 confirming that Plaintiff "complied with the terms of the Order [("Warrant")] August 23, 2019 Committing him/her to the custody of the Sheriff or County Jail" without any further action of Plaintiff or any agent on his behalf since his Incarceration.

17. Plaintiff alleges Defendants acted in a negligent, and grossly negligent manner in terminating Plaintiff's liberty, exceeding their authority in failing to file papers withdrawing or cancelling the Warrant, committing the Transmission, and failing to discharge a mandatory, ministerial and nondiscretionary duty resulting in the wrongful confinement upon which Plaintiff suffered the following injuries and damages:

   a. A violation of his Constitutional/Due Process rights under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution and Article 1 of the South Carolina Constitution from unlawful arrest;
   b. Loss of liberty; and
   c. Physical pain and suffering and emotional trauma and suffering.

### FIRST CAUSE OF ACTION
(Violation of 42 U.S.C. § 1983)

18. The above stated allegations are hereby incorporated as if stated herein.

19. On the date of the Hearing and at all relevant times, Corley acted under color of state law where he was employed by Richland County taxed with various mandatory, ministerial and non-

discretionary duties as a clerk of the Court to include the transmission of warrants to the Richland County Sheriff's Department, cancellation, termination and/or withdrawal of said warrants upon execution and/or withdrawal upon learning a warrant had been incorrectly transmitted.

20. The Plaintiff was served the Warrant upon which Corley negligently and grossly negligently failed to cancel the Warrant, where Plaintiff(s) made payment to the satisfaction of the Court which should have prevented the Transmission and/or, upon further review of Plaintiff(s)'s file with the Court, Roe failed in withdrawing the Warrant for more than five (5) years.

21. Corley's acts and omissions constituted an unlawful seizing, confinement and detention of Plaintiff person proximately causing a violation of Plaintiff's Due Process, Fourth, Fifth, Sixth and Fourteenth Amendment rights protecting against such unlawful seizure and confinement.

22. Plaintiff is entitled to an award for actual, compensatory and punitive damages as well as attorney's fees in an amount likely to exceed $25,000.00 pursuant to 42 U.S.C. § 1983.

## **SECOND CAUSE OF ACTION**

(Negligence, Gross Negligence and Recklessness)

23. The above stated allegations are hereby incorporated as if stated herein.

24. Defendants were taxed with various mandatory, ministerial and non-discretionary duties as a deputy clerk of the Court to include the transmission of warrants to the Richland County Sheriff's Department, cancellation and/or withdrawal of said warrants upon Court execution and/or withdrawal upon learning a warrant had been incorrectly transmitted.

25. The Plaintiff was served the Warrant on August 23, 2019 for a second time as a result of Defendants' negligent and grossly negligent failure to cancel the Warrant, where Plaintiff(s) made payment to the satisfaction of the Court which should have prevented the Transmission and/or, upon further review of Plaintiff(s)'s file with the Court, Defendants failed in withdrawing the Warrant for more than five (5) years.

26. Defendants' actions were the direct and proximate cause of the injuries and damages suffered by the Plaintiff; said acts being in violation of the laws of the State of South Carolina.

27. As a result of Defendant's negligence, gross negligence, willfulness, wantonness and recklessness as noted above, Plaintiff is entitled to an award for actual and compensatory damages.

4

## **THIRD CAUSE OF ACTION**

(Negligence per se)

28. The above stated allegations are hereby incorporated as if stated herein.

29. Defendants had a duty not to violate S.C. Code § 14-17-60 and S.C. Code § 14-17-220 which establishes the duties of clerks and deputy clerks in the State of South Carolina.

30. Defendants failed in their various mandatory, ministerial and non-discretionary duties as a deputy clerk of the Court pursuant to S.C. Code § 14-17-60 and S.C. Code § 14-17-220 and to include the transmission of warrants to the Richland County Sheriff's Department, cancellation and/or withdrawal of said warrants upon Court execution and/or withdrawal upon learning a warrant had been incorrectly transmitted.

31. The essential purpose of S.C. Code § 14-17-60 and S.C. Code § 14-17-220 is to prevent the false seizure, arrest and/or detention of such class of citizens as Plaintiff and the naturally occurring harm that follows as stated above and suffered by Plaintiff.

32. Plaintiff suffered the proximate harm for Defendants' failure to not violate S.C. Code § 14-17-60 and S.C. Code § 14-17-220 as stated above.

33. Plaintiff is entitled to an award as against Defendants for actual and compensatory damages.

**WHEREFORE,** having fully set forth its complaint, the Plaintiff prays that this Honorable Court inquire into the matters set forth and that:

1. A jury trial be granted as now requested;

2. The amount of damages sustained by Plaintiff by Defendants be ascertained and determined under the direction of this Court;

3. The amount of punitive damages be ascertained and determined under the direction of this Court pursuant to 42 U.S.C. 1983 as against Corley in his individual capacity;

4. The amount of attorney's fees entitled to Plaintiff be ascertained and determined under the direction of this Court pursuant to 42 U.S.C. 1983 as against Corley in his individual capacity;

5. An Order be entered in favor of Plaintiff and against Defendants for the amount due as ascertained and determined under the direction of this Court;

6.     An Order be entered for such other and further relief as may be just and proper.

                                                  TRULUCK LAW FIRM, LLC

                                                  By: *s/ Chris S. Truluck*
                                                  Chris S. Truluck (Fed. Bar. 12138)
                                                  ctruluck@trulucklawfirm.com
                                                  1507 Richland Street
                                                  Columbia, SC 29201
                                                  (803)556-7285
                                                  ctruluck@trulucklawfirm.com
                                                  *Attorney for Plaintiff*

Columbia, South Carolina
November 14, 2022