IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tim Landholt,<br><br>        Plaintiff,<br><br>v.<br><br>Jeanette McBride, in her official capacity as Clerk of Court for Richland County; and Kendall Corley,<br><br>        Defendants. | C/A: 3:22-cv-2599-SAL<br><br>**ORDER** |

      Plaintiff Tim Landholt brings this civil action against Defendants Jeanette McBride, the Richland County Clerk of Court, and Kendall Corley. Pending before this court are a motion for partial summary judgment by Plaintiff and a motion for summary judgment filed by Defendants. [ECF Nos. 36, 37.] This matter is before the court on the Report and Recommendation ("Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending Defendants' motion be granted and Plaintiff's motion be denied. [ECF No. 50.] Plaintiff filed objections to the Report, ECF No. 51, and Defendants filed a response to those objections, ECF No. 52. This matter is ripe for the court's review.

## BACKGROUND AND PROCEDURAL HISTORY

      The Report summarizes the facts of this case as follows:

> The following facts are either undisputed or are taken in the light most favorable to the plaintiff, to the extent they find support in the record. On March 13, 2014, a judge with the Richland County Family Court issued a bench warrant for Landholt's arrest for failure to appear at a hearing. Landholt was arrested by a Richland County sheriff's deputy on March 28, 2014 while making a child support payment at the Richland County Family Court and was immediately brought before

1

>the court for a contempt hearing. The court ordered Landholt to pay arrearages and instructed the sheriff's deputy to release him. However, Defendant Kendall Corley, a deputy clerk of court at that time, failed to recall the bench warrant that had been executed.
>
>Five years later, on August 23, 2019, a different Richland County sheriff's deputy arrested Landholt pursuant to the 2014 bench warrant that had already been executed. Landholt was held in jail for three days before he was released—apparently once it was determined that Landholt had previously been arrested pursuant to the 2014 bench warrant.

[ECF No. 50 at 2.] Although Plaintiff provides a more detailed factual summary, he does not object to the above recitation. *See* ECF No. 51 at 2–6.

On November 29, 2019, Plaintiff filed an action in the Richland County Court of Common Pleas against Richland County and John and Jane Roe, whose true name(s) were unknown. [ECF No. 1 at 1.] Corley was added by a consensual amendment filed on July 20, 2021, and this case was subsequently removed to federal court. *Id.* at 1–2. Then, in December 2022, Plaintiff filed an amended complaint in which he dismissed Richland County and added McBride as a defendant. [ECF No. 21.] Plaintiff alleges three causes of action in the amended complaint: (1) "[v]iolation of 42 U.S.C. § 1983 against Defendant Corley because "Plaintiff was served with the Warrant upon which Corley negligently and grossly negligently failed to cancel[;]" (2) negligence, gross negligence, and recklessness against Defendants; and (3) negligence per se against Defendants based on violations of S.C. Code Ann. §§ 14-17-60 and 14-17-220. [ECF No. 21 at 3–5.]

On July 31, 2023, Plaintiff moved for partial summary judgment on liability as to Defendant Corley on the § 1983 claim and as to Defendant McBride on the negligence claim "with leave for Plaintiff's damages to be determined by a jury at [a] damages hearing." [ECF No. 36-1 at 8.] Defendants opposed the motion, ECF No. 41, and Plaintiff filed a reply, ECF No. 43.

On August 2, 2023, Defendants moved for summary judgment and asked the court to dismiss Plaintiff's amended complaint with prejudice. [ECF No. 37-1.] Plaintiff opposed, ECF No. 42, and Defendants replied, ECF No. 44.

On October 11, 2023, the magistrate judge issued the Report. [ECF No. 50.] As discussed in greater detail below, the magistrate judge recommends granting Defendants' motion for summary judgment and denying Plaintiffs'. *Id.* Plaintiff objects. [ECF No. 51.]

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). A district court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, need only conduct a de novo review of the specific portions of the magistrate judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). Without specific objections to portions of the Report, this court need not provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288,

3

2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Dunlap*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017) (citing *Diamond v. Colonial Life & Accident Ins. Col*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby*, 718 F.2d at 200; *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)).

## DISCUSSION

### I.     Summary Judgment Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). However, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

4

present facts essential to justify its opposition, the court may . . ." defer a motion, deny a motion, allow time for discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d).

## II.     Plaintiff's Claims

### A.     42 U.S.C. § 1983

The magistrate judge recommends Defendants' motion for summary judgment be granted as to Plaintiff's § 1983 claim against Corley because negligence cannot support a finding of liability under 42 U.S.C. § 1983 and, further, because Plaintiff has failed to identify any evidence that would show Corley's conduct rose above mere negligence. [ECF No. 50 at 4–7.] Construing Plaintiff's first cause of action as one for unlawful seizure,[1] the magistrate judge specifically notes that "negligent conduct will not give rise to an actionable claim under § 1983[,]" even in the case of state officials' ministerial mistakes. [ECF No. 50 at 5.] The Report compares this case to *Mitchell v. Aluisi*, 872 F.2d 577, 579 (4th Cir. 1989), "a nearly identical case in which the Fourth Circuit held that the state clerks' unintentional failure to recall a bench warrant that led to the plaintiff's arrest was not actionable under § 1983." [ECF No. 50 at 6.] The Report further notes Plaintiff has not identified any evidence that Corley acted with intentionality or deliberateness in failing to recall the warrant. *Id.* Thus, the magistrate judge concludes Plaintiff's claim against Corley is speculative, as "at most, Landholt presents some evidence that Corley was responsible for recalling the bench warrant from the sheriff's department, but none of the evidence shows Corley took any affirmative action to intentionally or deliberately fail to recall the warrant and deprive Landholt of his rights." *Id.* The court agrees.

---

[1] Defendants and the Report adopt this construction despite the amended complaint's failure to clearly identify what constitutional violation Plaintiff asserts. [ECF No. 50 at 4–5.] Plaintiff does not contest this construction. *See* ECF No. 51 at 6–10.

5

Plaintiff "objects to the Report's standard of proof of 'intentionally or deliberately' and asserts the Plaintiff only need only [sic] provide evidence of 'some measure of deliberateness' to include evidence of recklessness which he submits is established in the record as against Corley." [ECF No. 51 at 7.]  He relies on *Pink v. Lester*, 52 F.3d, 73 (4th Cir. 1995), where the Fourth Circuit explained "that negligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983" as "[t]he language and the purpose of the Due Process Clause . . . restrict violations therefor to official conduct that entails some measure of deliberateness." 52 F.3d at 75. Plaintiff contends deliberate indifference or recklessness would qualify. [ECF No. 51 at 8.]  And he further argues he has met that standard by presenting evidence from dismissed-Defendant Richland County's 30(b)(6) deposition where the 30(b)(6) designee agreed that "'Corley would've necessarily been responsible for affecting the . . . judge's wishes, which were that the bench warrant was satisfied and that the person released and the bench warrant be recalled with [RCSD].'" *Id.* (quoting ECF No. 36-5 at 10).  Plaintiff further relies upon that deposition where the 30(b)(6) designee agreed with Plaintiff's counsel that recalling the warrant was a "mandatory process."  *Id.*  He submits he "has provided sufficient evidence that Corley violated his clearly established right not to be seized upon unlawful authority but for Corley's deliberate indifference to the court's instructions, and necessary duties, created by the Contempt Order . . . ."  *Id.* at 9.

Although Plaintiff objects to the standard used in the Report, both Plaintiff and the magistrate judge recognize that there must be deliberateness by a defendant for an actionable § 1983 violation.  Plaintiff has not articulated a different standard in his objections.  The problem with Plaintiff's claim, and the reason it must dismissed, is that he has not identified any evidence that demonstrates deliberateness or from which deliberateness could be inferred.  Plaintiff only points to evidence that Corley had a duty to recall the warrant.  *See* ECF No. 51 at 8–9.  But this

does not suffice to show Corley deliberately took some action or inaction in failing to recall the warrant, nor can the court infer deliberate action from the duty.[2]  *See Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006) (finding a prison official's "behavior did not constitute anything more than regrettable, but non-cognizable, negligence[,]"affirming dismissal where there was an "absence of any allegation [the official] intentionally slowed the processing of [the prisoner's] mail[,]" and noting "merely alleging recklessness without alleging fact to support the assertion [could not] save the claim from dismissal").  As noted in the Report, Corley testified he did not know Plaintiff or recall Plaintiff's case.  [ECF No. 50 at 6 (citing ECF No. 36-4 at 2).]  The court agrees that Plaintiff "fails to put forth evidence from which a reasonable jury could conclude that Corley is liable for a deprivation of Landholt's rights pursuant to § 1983."  *Id.* at 7.

Plaintiff further objects to the Report's citation to *Mitchell v. Aluisi* as a "nearly identical" case.  [ECF No. 51 at 9.]  He asserts the cases are distinguishable since the Maryland traffic court clerks had no responsibility for recalled warrants, but, here, there is evidence Corley was responsible for recalling warrants.  Plaintiff has highlighted a distinction between his case and *Mitchell*, but it makes no difference to the disposition of his § 1983 claim.  For the reasons outlined

---

[2] Compare the Supreme Court's discussion of deliberate indifference in the Eighth Amendment context:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).

above and in the Report, Defendants' motion for summary judgment is granted as to Plaintiff's § 1983 cause of action. Plaintiff's objections are overruled.

**B.  Negligence Claims**

The magistrate judge recommends dismissal of Plaintiff's negligence claims "because the South Carolina Tort Claims Act does not countenance liability for loss resulting from administrative actions or inactions of a judicial or quasi-judicial nature." [ECF No. 50 at 7–8.] Indeed, although the South Carolina Tort Claims Act ("SCTCA") waives immunity and provides a remedy for any tort committed by an employee of a governmental entity, the SCTCA also provides exceptions to the waiver of immunity for "legislative, judicial, or quasi-judicial action or inaction" and "administrative action or inaction of a legislative, judicial, or quasi-judicial nature[]" S.C. Code Ann. § 15-78-60 (1) & (2). The court agrees with the magistrate judge that "[h]ere, the act or omission asserted by Landholt is the failure to recall a bench warrant pursuant to an order of the court. In both nature and function, such an act falls under administrative action or inaction that is judicial or quasi-judicial." [ECF No. 50 at 8.]

Plaintiff objects to the recommendation, arguing

it 1) fails to address Plaintiff's argument that the issue of quasi-judicial immunity had previously been resolved in Plaintiff's favor such that County was collaterally estopped from rearguing the issue, 2) relies on an incorrect interpretation of the Contempt Order which did not order County to recall the Stale Warrant and the Report, otherwise, invokes Mississippi precedent to override South Carolina and the Fourth Circuit's ministerial duty analysis, and 3) the County failed, in its motion for summary judgment or in its responses to Plaintiff's motion for summary judgment, to meet its burden to establish the affirmative defense of quasi-judicial immunity such that Plaintiff's motion for liability as against County for negligence should be granted.

[ECF No. 51 at 10–11.] The court addresses these objections below.

First, as to collateral estoppel, Plaintiff notes that Richland County raised immunity under the SCTCA in a motion for judgment on the pleadings in state court, and that motion was denied. *Id.* at 11 (citing ECF Nos. 42-22, 42-23). In South Carolina,

> Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same. *Judy v. Judy*, 677 S.E.2d 213, 217 (S.C. Ct. App. 2009). The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment. *Beall v. Doe*, 315 S.E.2d 186, 189–90 n.1 (S.C. Ct. App. 1984). "While the traditional use of collateral estoppel required mutuality of parties to bar relitigation, modern courts recognize the mutuality requirement is not necessary for the application of collateral estoppel where the party against whom estoppel is asserted had a full and fair opportunity to previously litigate the issues." *Snavely v. AMISUB of S.C., Inc.*, 665 S.E.2d 222, 228 (S.C. Ct. App. 2008).

*Carolina Renewal, Inc. v. South Carolina Dep't of Transp.*, 684 S.E.2d 779, 782 (S.C. Ct. App. 2009). But collateral estoppel does not apply here. The issue of SCTCA immunity was not litigated in a previous action. Instead, it was raised in this same case before McBride and Corley were named as defendants. As Defendants point out in the reply to Plaintiff's objections, "the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings." *McLendon v. South Carolina Dep't of Highways and Pub. Transp.*, 443 S.E.2d 539, 540 n.2 (S.C. 1994). And the same is true of a denial of summary judgment. *See Ballenger v. Bowen*, 443 S.E.2d 379, 380 (S.C. 1994) ("In short, the denial of summary judgment does not *finally* determine anything about the merits of the case and does not have the effect of striking any defense since that defense may be raised again later in the proceedings." (emphasis in original)). Plaintiff's objection is overruled.

Plaintiff further argues that quasi-judicial immunity has not been established because the duty to recall the warrant was ministerial in nature, as opposed to discretionary. He relies on *Long v. Seabrook*, 197 S.E.2d 659, 662 (S.C. 1973), which, as Defendants note, is a pre-SCTCA case

9

and not particularly helpful to interpreting S.C. Code Ann. § 15-78-60.  Plaintiff also cites state and federal case law distinguishing between ministerial and discretionary acts for purposes of whether immunity applies.  *See* ECF No. 51 at 13–14.  Though this case law demonstrates judicial or quasi-judicial immunity may not shield officials from § 1983 or tort liability for ministerial tasks, the SCTCA expressly provides more than just judicial or quasi-judicial immunity.  The SCTCA broadly excludes the "administrative action or inaction of a legislative, judicial, or quasi-judicial nature" from the waiver of immunity.  S.C. Code Ann. § 15-78-60(2).  Notably, other sections of that statute exclude "the exercise of discretion or judgment . . . [,]" but subsection (2) does not distinguish between whether the administrative action is ministerial or discretionary.  Plaintiff has not pointed to any case law that leads this court to the conclusion that the failure of a family court employee to recall a warrant is not covered by the exception in S.C. Code Ann. § 15-78-60(2).  The court agrees with the magistrate judge that Defendants are entitled to immunity under the SCTCA.

      The court likewise rejects Plaintiff's objection that the magistrate judge invoked Mississippi case law to "override South Carolina and the Fourth Circuit ministerial duty analysis."  The Report, instead, simply cites an exemplar case with a similar fact pattern and a similar state tort claims act.  In *DeSoto County v. T.D.*, 160 So. 3d 1154 (Miss. 2015), the Mississippi Supreme Court found a court clerk was entitled to immunity under the Mississippi Tort Claims Act for the failure to cancel a warrant where the act "provide[d] immunity for all claims that arise from any 'judicial action or inaction, *or administrative . . . inaction of a judicial nature* . . . .'"  160 So. 3d at 1156 (emphasis in original).  Though the court recognizes the Mississippi case is not controlling here, it nevertheless deems the case persuasive and finds no error in the Report's decision to cite it.

For the above reasons, the court overrules Plaintiff's objections to the Report's determination that the SCTCA provides immunity to Defendants for Plaintiff's state-law claims. The court grants Defendants' motion for summary judgment as to these claims and dismisses them. Plaintiff's motion for summary judgment must also be dismissed since Defendants are immune from his negligence claims.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 50, and incorporates it by reference here. The court **GRANTS** Defendants' motion for summary judgment, ECF No. 37, and **DENIES** Plaintiff's motion for partial summary judgment, ECF No. 36.

**IT IS SO ORDERED.**

December 12, 2023                              Sherri A. Lydon
Columbia, South Carolina                       United States District Judge